APE POUTOA, Appellant

v.

SIAGATONU PUAGELE on behalf of PUAGELE HEIRS and
TUPUA LOE on behalf of the TUPUA FAMILY, Appellees

High Court of American Samoa
Appellate Division

AP. NO. 27-85

November 23, 1986

Before REES, Chief Justice, MURPHY, Associate
Justice, KENNEDY, Acting Associate Justice,
LUALEMAGA, Associate Judge, and OLO, Associate
Judge.

Counsel: For the Appellant, Michael Kruse
         For Appellee Tupua, Malaetasi Togafau
         For Appellee Puagele, Monike Failauga

Per REES, C.J.:

This case arose when Appellee Siagatonu
Puagele attempted to register the land Talisau in
Olosega as the individual property of himself and
certain of his relatives. Appellant Ape objected,
claiming that Talisau was communal land of the Ape
family. During the course of the proceedings Ape
conducted a survey at which Appellee Tupua took
offense on the ground that it encroached on Tupua
family land. Tupua's complaint was then
consolidated with the case between Puagele and Ape.

The trial court found that Talisau was Ape
family land but that the Puageles had long been
permitted to live on it. The court held "under its
powers in equity" that Ape and the Puageles should
henceforth both have the right to live on the land.
The court added that its decision would "have no
precedential value."

The trial court also found that Ape's survey encroached on the land of Tupua.

Ape has appealed the first holding on the ground that the trial court misconstrued its power to achieve an "equitable" solution where strict application of rules imposed by law would be harsh. Counsel correctly points out that A.S.C.A. § 3.0242 gives the court such flexibility with regard only to rules of procedure, not to substantive law. Counsel for appellant further observes that the trial court's decision appears to give the Puageles "an unconditional right to occupation," and that "this appears to be an incident or right in excess of what family members have."

Counsel for appellee Siagatonu Puagele, meanwhile, asserts in his brief that the Puageles are blood members of the Ape family. Although neither side was interested in proving this at trial and it is unclear whether the record supports it, counsel's judicial admission does suggest a solution. The record shows that ancestors of the Puageles were originally permitted to live on Talisau by members of the Ape family, and there is evidence that during at least some of the intervening years the Puagele family (which the trial court found not to be a traditional Samoan aiga with its own matais) rendered service to Ape. We therefore modify the trial court judgment to provide that the Puageles will have the right to reside on Talisau so long as they serve Ape. Their rights will be neither greater nor less than those of any blood members of the Ape family. This solution should be more acceptable to Ape than the trial court decision; it is consistent with the Puageles' claim that they are blood members of the Ape family; and it avoids the judicial imposition of a new kind of land tenure inconsistent with Samoan customary law. It has the added advantage of being the surest way to fulfil the trial court's wish that its decision should "have no precedential value."

We affirm the trial court's holding with respect to the boundary between Talisau and the land of the Tupua family. There was ample evidence in the record to support the trial court's finding that the original boundary was a line of coconut trees, on which Ape's house encroaches by fifteen feet and his survey by fifty feet, and that the house had been built with permission of the Tupua family. We do not believe that Tupua was barred by A.S.C.A. § 43.0302 from defending his property

110

rights against possible encroachment in a lawsuit that was already proceeding without his participation. While the device of filing a complaint and then seeking consolidation with the ongoing suit might not have been particularly elegant, it amounted in substance to a motion to intervene, which would not have been barred by the statute.

---

* Honorable Anthony M. Kennedy, Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.